IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE J.M. STOKES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 22-960 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 43 |
| PRITTS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Terrance J.M. Stokes ("Plaintiff"), an inmate presently incarcerated at the James T. Vaughn Correctional Center in Delaware, brings this *pro se* civil rights action for which he has been granted leave to proceed *in forma pauperis*. Plaintiff's claims arise out of allegations that Defendant Pritts ("Defendant") used excessive force in violation of his Eighth Amendment rights while he was incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset"). ECF No. 15.

Presently before the Court is Plaintiff's "Motion to Correct and Request Further Video and Statements." ECF No. 43. In his motion, Plaintiff asks for three categories of discovery.[1]

First, Plaintiff asks for video footage of all times he was in "Cage 'D' Rec Pen" between February 1, 2020 and March 2, 2020, which he estimates to include approximately four videos. Plaintiff notes that he was previously provided with video footage dated March 3, 2020, which is when he believed the incident occurred. However, it turns out this was not the correct date. Id. at 1-2.

---

[1] Plaintiff also asks the Court to "find" something in connection with the "law to stop the support black abuses in PA," but this request is not fully legible or understandable to the Court. ECF No. 43 ¶ 3.

Second, Plaintiff asks for video footage from the "rec yard" dated March 20, 2020, which he claims will support his allegations that Defendant mistreated Black inmates.

Third, he asks the Court to subpoena his former cellmate, Derosier Williams Laguerre ("Laguerre"), whom Plaintiff has identified as a witness to the incident. Id. at 2.

Upon review, the Court notes the period for fact discovery has concluded as of February 1, 2023. However, considering Plaintiff's *pro se* status and for good cause shown of Plaintiff's need to correct a previously issued discovery request for video of the incident, the Court will construe Plaintiff's motion as a request for extension of time to conduct fact discovery and grants this motion. The Court will separately enter a revised scheduling order.

As for Plaintiff's specific discovery requests, the Court again notes that Plaintiff must submit any requests to Defendant directly to his counsel—not to the Court. Based on the nature of the information requested herein and in the interest of efficiency and fairness, however, the Court will direct Defendant's counsel to provide the following to Plaintiff within 30 days, to the extent those materials have not yet been produced.

1. Any video footage of the incident described in Plaintiff's Complaint, including any video of the incidents referred to above that took place in the "Cage 'D' Rec Pen" between approximately February 1, 2020 and March 2, 2020 and in the "rec yard" on March 20, 2020.
2. All incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports or other similar documents in its/their possession concerning the alleged incident or incidents described in the Complaint.

If Plaintiff requests any other information or materials from Defendant, he must serve an appropriate request to Defendant's counsel under Federal Rules of Civil Procedure 33 or 34 before the discovery period ends.

To the extent Plaintiff requests that the Court "subpoena" his former cellmate, Laguerre, the Court notes that Plaintiff is responsible for the service and costs of any subpoena under Federal

Rule of Civil Procedure 45. If Plaintiff is seeking a subpoena form, he may renew this request as appropriate. Any renewed request should identify the purpose of the subpoena and what is being requested (i.e., any specific documents or testimony).

An appropriate Order follows.

AND NOW this 27th day of March, 2023, IT IS HEREBY ORDERED that Plaintiff's Motion to Correct and Request Further Video and Statements is GRANTED IN PART and DENIED IN PART. The Court construes Plaintiff's motion, in part, as requesting an extension of time to complete fact discovery, and it GRANTS this request. A revised case management order will be issued.

Relative to Plaintiff's request for specific discovery materials, this motion is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent Defendants are directed to produce the following to Plaintiff within 30 days:

1. Any video footage of the incident described in Plaintiff's Complaint, including any video of the incidents referred to above that took place in the "Cage 'D' Rec Pen" between approximately February 1, 2020 and March 2, 2020 and in the "rec yard" on March 20, 2020.

2. All incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports or other similar documents in its/their possession concerning the alleged incident or incidents described in the Complaint.

To the extent Plaintiff seeks any other discovery materials, he is directed to comply with the appropriate Federal Rules of Civil Procedure. Accordingly, this motion is DENIED in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

_Maureen P. Kelly_
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Terrance J.M. Stokes
SBI # 00849514
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

All counsel of record via CM/ECF.